UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CARRIE MEDINA,** | 3:15-CV-00232-BR |
| **Plaintiff,** | **CASE-MANAGEMENT ORDER** |
| v. | |
| **CITY OF PORTLAND, ET AL,** | |
| **Defendants.** | |

**BROWN, Judge.**

Case-management dates, deadlines, and procedures are set as follows:

• Simultaneously filed initial disclosures due no later than September 28, 2015;

• Simultaneously filed responsive disclosures due no later than October 26, 2015;

• All discovery is to be completed by December 14, 2015;

• The last date to file any discovery motion is November 23, 2015, and responses to such motions are due no later than seven (7) calendar days after the initiating motion is filed; no replies are permitted for discovery motions;

• Updated Joint ADR report is due no later than January 15, 2016;

• Joint Statement of Agreed Material Facts due January 15, 2016; or a joint status report indicating to the Court that no dispositive motions will be filed and whether the parties wish to move up their trial date;

• Dispositive motions if any are due January 29, 2016; any cross-motion shall be filed separately and as a stand alone motion on the date the opposition is due; reply and opposition to any cross-motion shall be filed separately and as a stand alone motion on the date the reply is due.
•
• Jointly proposed Pretrial order/jointly proposed Verdict form shall be filed by June 28, 2016;

• Trial documents (as defined below) shall be filed no later than **Noon** on July 8, 2016;

• Pretrial conference is set for July 21, 2016, at 09:00 a.m. in Courtroom 14A; and

• Jury trial (4 days) is set to commence July 26, 2016, at 9:00 a.m. in Courtroom 14A.

The following guidelines apply throughout the pendency of this action:

**1 - Case-Management Order**

**Discovery Disputes**

Discovery shall be completed by the deadline set. Discovery disputes may be submitted to the Court no later than the deadline as follows:

a.      **Informally**: After completing meaningful conferral as to the dispute, submit to the Court via a joint email message to the Courtroom Deputy a concise statement of the dispute and the parties' position concerning it. Upon receipt of such an informal request, the Court will promptly schedule a telephone conference to resolve the dispute.

b.      **Formally:** File a discovery motion no later than the deadline set. Any response to a discovery motion shall be filed within **7 calendar days**. No replies are permitted. The Court will attempt to resolve the dispute promptly on the record and without oral argument.

**Extension of Deadlines**

The Court established the deadlines in this Order based on the parties' preferences and availability as expressed in the Rule16 Conference held on June 19, 2015. The Court, therefore, expects the parties to meet all deadlines set herein. Any request for an extension of time must be made by motion (*no letter requests*) **filed  before expiration of the deadline**. The motion must be supported by an affidavit or other showing in which the moving party specifically states the reason(s) for the requested extension and explains how the parties have used the available time set out in this Order. The Court, at its discretion, may set a hearing on the motion.

The Court requires a minimum of 120 days between the filing of any dispositive motions and the lodging of a pretrial order. Any requested extension that does not satisfy that requirement may result in denial of the motion or a change of the trial date. Any new trial date likely will be set "at the end of the line," and, therefore, any extension requiring the trial to be reset will be disfavored.

**Motion Practice and Dispositive Motions**

This Court strictly construes the requirements of the Federal Rules of Civil Procedure and Local

Rules (LR) for this District with regard to motion practice. Specifically, the Court will strike any motion that does not comply with the requirements of LR 7-1(a)(1). (*NOTE*: A LR 7-1 certification is required for every motion except a temporary restraining order (TRO) and must be set forth in the *first* paragraph of every motion.) Pursuant to LR 7-1(b), a motion may not be combined with any other motion or a response or a reply to any motion. In addition, each motion requires a separate memorandum in support of the motion, and each motion requires a separate response. Adherence to page limitations is required.

Before the filing of any dispositive motion, the parties jointly must complete and file a Joint Statement of Agreed Material Facts similar to the "Agreed Facts" section that is a standard part of any pretrial order and include therein all material, undisputed facts necessary to the resolution of the case. Those agreed facts will serve as the basic evidentiary record for any dispositive motion. To the extent there are additional but disputed material facts that a moving or opposing party wishes to include in the record for purposes of a dispositive motion, they may do so by any admissible means; *e.g.,* by Declaration or other admissible evidence. *See Orr v. Bank of Am.*, 284 F.3d 764 (9th Cir. 2002). Thus, any disputed facts set out in memoranda must be supported by citations to the record, and any disputed facts supported in the evidentiary record will be deemed admitted if they are not contradicted by admissible evidence. If issues remain for trial after a dispositive motion is resolved, the parties will then complete the remaining parts of a proposed pretrial order.

All pleadings, including declarations, affidavits, etc., that pertain to a motion, response, or reply are due on the same date as that pleading. Parties must obtain leave of Court to file any accompanying documents after the deadline.

The title of responses, replies, objections, etc., shall reflect the exact title of the underlying motion. *See* LR 7-3.

**Court's copy of all pleadings, including declarations, affidavits, exhibits, etc., that pertain to a motion, response, or reply shall be placed in a three-ring binder, tabbed, and indexed. The outside**

**spine of the binder label should include the case caption and number.**

### Trial Documents

To meet the Court's requirements of submitting *joint* trial documents, counsel shall exchange exhibits and witness statements in ample time to confer, to reach agreement, and to prepare the following trial documents:

- Trial memoranda

- Motions in limine

- Joint (*i.e.*, agreed on) proposed jury instructions (as to the elements of the unresolved claims and defenses described in the Pretrial Order) shall be submitted by filing in CM/ECF and pursuant to LR 51(d)(2), submitted to the Court at Brpropdoc@ord.uscourts.gov in **Word** format. The parties must submit jointly proposed instructions addressing the elements of all claims, defenses, and any other unique issues pertinent to this case.  For all proposed jury instructions on which the parties do not agree, the party proposing the instruction must state concisely at the end of each such instruction why the proffered instruction is a correct statement of the law and why the Court should prefer that proposed instruction over any offered by the opposing party. The party opposing the instruction also must state concisely at the end of each such instruction why it is not a correct statement of the law and must set forth the form of instruction requested in lieu thereof together with the reasons why the Court should give that form of instruction.

- Joint (*i.e.*, agreed on) proposed topics for voir dire

- Joint witness list identifying all proposed trial witnesses and indicating:
    a.    all witnesses whose testimony may be received without objection;
    b.    all other witness testimony that will be the subject of objection together with a concise summary of the challenged testimony, a one-line statement of the admissible purposes for which that challenged testimony is proffered, and a one-line summary statement of the bases for all objections to that proffered testimony; and
    c.    an estimate of the time necessary to complete the testimony of each witness.

- Joint exhibit list identifying all proposed trial exhibits and indicating:
    a.    all exhibits that may be received without objection;  and
    b.    all remaining exhibits to be offered by any party together with a one-line summary
        statement of the admissible purposes for which the challenged exhibit proffered

**4 - Case-Management Order**

and a one-line summary statement of the bases for all objections to any proffered exhibit.

Copies of **contested exhibits** must be attached by the offering party to the Judge's copy of the proposed exhibit list. Contested exhibits should be indexed, tabbed, and three-hole punched down the left side. If there are numerous contested exhibits, they shall be placed in a binder clearly marked as Plaintiff or Defendant's exhibits. Plaintiff 's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts.  If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions. **No original trial exhibits shall be filed with the Clerk of Court or CM/ECF.**

In trial memoranda or motions in limine, the parties may elaborate on the admissible purposes for any proffered evidence that is the subject of objection and the legal bases for their objections to such evidence.

To the extent feasible the Court intends to rule on all objections at the pretrial conference and to admit into evidence at that time all exhibits that qualify.  Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

Original trial exhibits shall not be filed with the Clerk. All exhibits that will be used at trial shall be indexed, tabbed, three-hole punched down the left side, and placed in a binder clearly marked on the outside of the binder whether they are Plaintiff or Defendant's exhibits. As noted, Plaintiff 's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts.  If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

**Trial Procedures**

The Court generally follows the *Trial Court Guidelines* published on the Court's website at

5 - Case-Management Order

www.ord.uscourts.gov.  The parties also should refer to the Federal Bar Association's *Federal Court Practice Handbook* for more guidance on practice and procedures in this Court.

DATED this 19th day of June, 2015.

    /s/   Anna J. Brown
ANNA J. BROWN
United States District Judge

**6 - Case-Management Order**